LINWOOD GRAY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gray v. Commissioner
Docket No. 10208-79
United States Tax Court
T.C. Memo 1989-666; 1989 Tax Ct. Memo LEXIS 666; 58 T.C.M. (CCH) 1004; T.C.M. (RIA) 89666; December 21, 1989; As corrected December 21, 1989; As corrected February 1, 1990 Linwood Gray, pro se. *667 Richard K. Delmar, for the respondent. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: The instant case is before the Court on respondent's motion to dismiss for lack of prosecution. Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Addition to Tax Under Sections
Year
Deficiency
6653(b) [1]
6658 [2]
6654
1976
$ 77,915.62
$  39,165.31
- 0 -
- 0 -
1977
366,324.79
184,168.39
- 0 -
- 0 -
1978
132.850.96
- 0 -
$ 33,212.74
$ 3,431.56
*668 Petitioner was incarcerated at the U.S. Penitentiary in Leavenworth, Kansas, at the time he filed his petition. Pursuant to notice to the parties, the instant case was scheduled for trial at the Court's May 22, 1989, Trial Session in Washington, D.C. The case was called from that calendar, and no appearance was made by or on behalf of petitioner. Counsel for respondent appeared and filed a motion to dismiss for lack of prosecution. On May 24, 1989, subsequent to the call of the case from the calendar, the Court received a document entitled "Petition to Gain Stay of Proceedings" in which petitioner asks the Court to stay proceedings until he is released from prison, which petitioner alleges is scheduled to take place on January 24, 1991. That document was mailed by certified mail in an envelope bearing a U.S. postmark of May 22, 1989. Petitioner's document will be filed as a motion for continuance. Rule 134 generally requires that a motion for continuance filed 30 days or less prior to the date to which it is directed "ordinarily will be deemed dilatory and will be denied unless the ground therefor arose during that period or there was good reason for not making the motion *669 sooner." Petitioner has neither alleged any ground arising during the 30 days prior to trial nor shown any good reason for not making the motion sooner. Petitioner's motion for a continuance therefore will be denied. Petitioner has failed to comply with the Court's December 20, 1988, pretrial order by failing to file a trial memorandum, by failing to identify evidence he intends to use, and by failing to cooperate with respondent in preparing the case for trial. Petitioner refused to provide answers to respondent's interrogatories relating to a cash hoard allegedly owned by petitioner and, by order of this Court, he was barred from presenting any evidence regarding such cash hoard. Dismissal of a case is a sanction resting in the discretion of the trial court. . A taxpayer's failure to appear at trial can result in a dismissal of the action against a taxpayer for failure to prosecute properly. , on appeal (3d Cir., July 19, 1989); ; , *670 affd. without opinion . Petitioner bears the burden of proof on the deficiencies and the additions to tax under sections 6658 and 6654. Rule 142(a). Respondent's motion to dismiss for lack of prosecution will be granted as to the deficiencies and the additions to tax under sections 6658 and 6654. In regard to the additions to tax for fraud, respondent has the burden of proof. Rule 142(b). Respondent does not rely on petitioner's default with respect to the fraud addition. Instead, respondent maintains that he has met his burden of proof to show fraud by reason of petitioner's conviction, on July 18, 1979, in the United States District Court for the District of Columbia, for willfully attempting to evade or defeat his taxes for his taxable years 1976 and 1977 under section 7201 and by reason of petitioner's conviction for false returns for such years under section 7206(1). Petitioner has admitted that he made expenditures in both 1976 and 1977 in amounts well above his reported gross income in those years and that he received no loans, gifts, bequests, inheritances or devises in the years 1970 through 1977. Petitioner, however, claims *671 that he owns a cash hoard that he acquired during the years 1964 through 1967. By the Court's Order of May 10, 1989, petitioner was barred from presenting any evidence at trial in support of that allegation or relating to any cash hoard allegedly in existence before the beginning of petitioner's 1976 taxable year. We agree that respondent has met his burden of proof with respect to the fraud addition. Petitioner's admission of expenditures in excess of reported income, combined with his preclusion from showing his alleged cash hoard as a source of such expenditures, is clear and convincing proof that petitioner had unreported taxable income, and tax deficiencies, in both 1976 and 1977. Moreover, under , affd. , petitioner is collaterally estopped by his conviction under section 7201, after a trial on the merits, from denying that part of his underpayment for the years 1976 and 1977 was due to fraud under section 6653(b), in that the fraudulent intent required under section 6653(b) is "clearly an ingredient of the offense" proscribed by section 7201. . Cf. *672 (conviction under section 7206(1) does not collaterally estop taxpayer from denying fraud under section 6653(b)). Our decision in , which overruled Amos to the extent it prescribed a rule based on "ultimate" versus "evidentiary" facts, does not affect that aspect of the Amos holding. We further find that the parameters for use of collateral estoppel provided in , have been met under the facts of the instant case, as the fraud issue presented herein has in substance been decided in the criminal proceeding, the controlling facts and legal principles have not changed significantly since that proceeding, and no special circumstances have been presented which would warrant an exception to the normal rules of preclusion. ; . Petitioner had a full and fair opportunity to litigate the issue of fraud in the trial which led to his conviction under section 7201. . Respondent *673 has met his burden of establishing that there were underpayments of tax for each year due to fraud, and is entitled to summary judgment on that issue. We therefore will treat respondent's motion as one for summary judgment with respect to the fraud addition. An appropriate order and decision will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Section 6658 as in effect for the years in issue provides: "If a taxpayer violates or attempts to violate section 6851 (relating to termination of taxable year) there shall, in addition to all other penalties, be added as part of the tax 25 percent of the total amount of the tax or deficiency in the tax." Former section 6658 was repealed by Pub.L. 96-167, 93 Stat. 1275, effective for violations or attempted violations of section 6851 occurring after December 29, 1979.↩